No. 12,469.

PEOPLE EX REL. COLORADO BAR ASSOCIATION *v.* MARSHALL.
(297 Pac. 998)

Decided March 16, 1931.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. JOHN S. UNDERWOOD, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. E. J. PLUNKETT, Assistant, Mr. C. M. ROLF-SON, for petitioner.

Mr. H. N. MARSHALL, pro se.

*Opinion Per Curiam.*

██ By direction of this Court, on the recommendation of the Colorado Bar Association, the Attorney General filed his information against respondent, an attorney of this bar, charging him with the misappropriation of $11.00 advanced by Everett J. Martin for court costs, of $10.15 collected for the Parawax Company of Iowa, and of $45.00 (less his fees) collected for the Denver office of Montgomery Ward and Company; also charging that for several years last past respondent has been so addicted to the use of intoxicating liquor as seriously to interfere with the discharge of his professional duties. In addition to the foregoing there were included in said information (a) and (b), hereinafter referred to. Respondent answered and the cause was sent to a referee for hearing. Before the referee respondent admitted all charges save said (a) and (b). No evidence having been offered thereon, the referee recommended the dismissal of (a) and (b). They are accordingly dismissed.

The said referee, Hon. H. E. Munson, district judge of the thirteenth district, in which respondent resides and practices, in his report proper sets forth, briefly, the charges and respondent's admissions. By a separate communication he points out that respondent is an elderly man of previous ability and reputation whose difficulties are due solely to his indulgence in intoxicants, and recommends clemency. A like representation and recommendation is made by Mr. G. E. Hendricks, law partner of the special prosecutor herein, which firm is respondent's principal professional competitor.

It is therefore ordered that the respondent be, and he hereby is, reprimanded for the misconduct charged and admitted; that within a reasonable time he pay the said several sums wrongfully withheld from clients as herein noted; that his failure to do so, or his commission of fur-

ther offenses of the character of those so charged, or other violation of his professional duties and obligations, will result in his automatic disbarment.